IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TOBIAS HOUGH, CORTEZ NATHAN, MCKENZIE MCQUEARY, and MICHAEL PHILLIPS ) ) ) ) | |
| ) | Case No. 21-cv-1341 |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| v. ) | SUPPLEMENTAL CLAIMS |
| ) | |
| ) | **JURY DEMANDED** |
| PEORIA COUNTY SERIFF'S ) DEPARTMENT, PEORIA COUNTY ) SHERIFF BRIAN ASBELL, DEPUTY ANDREW KENNY, JAMES GILMORE, VINCENT COGDAL, THE COUNTY OF PEORIA, JOHNATHAN MICHAEL, and UNKNOWN PEORIA COUNTY SHERIFF DEPUTIES | |
| **Defendants.** | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiffs Tobias Hough ("Hough"), Cortez Nathan ("Nathan"), McKenzie McQueary ("McQueary"), and Michael Phillips ("Phillips") (or collectively, as "Plaintiffs"), were and are citizens of the United States and were within the jurisdiction of this court at the time of the incident described below.

4. At all times herein mentioned, Defendant Sheriff Brian Asbell ("Asbell") was and is the Sheriff of the Peoria County Sheriff's Department and was acting under color of state law and as the employee agent, or representative of Peoria County. Asbell is being sued in his individual and official capacity.

5. At all times herein mentioned, Defendants Andrew Kenny ("Kenny"), James Gilmore ("Gilmore"), and Vincent Cogdal ("Cogdal"), were employed by the Peoria County Sheriff's Department as the employee, agent, or representative of the Sheriff's Department and were acting under color of state law and as the employee, agent, or representative of the Peoria County Sheriff's Department.

6. At all times herein mentioned, Defendant Jonathan Michael ("Michael") was the CEO of RLI Corp. and was living and working in Peoria County, Illinois.

7. At all times herein mentioned, Peoria County was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, Peoria County maintained, managed, and/or operated the Peoria County Sheriff's Police Department

## FACTUAL ALLEGATIONS

8. On or about October 2, 2020, at approximately 5:00 pm Plaintiffs and each of them were located at or around 12706 N. Georgetown Rd, Peoria County, Illinois.

9. Plaintiffs were there with other persons protesting the immigration policies of RLI Company which is an insurance property and casualty company.

10. Before that date, Defendant Michael spoke with Sherriff Brian Asbell, and as yet unknown others, and they all decided and agreed that if people protested outside of Michael's residence they would be removed from that location, and/or arrested or otherwise made not to protest outside of Michael's residence.

11. Plaintiffs are informed and believe and allege thereon that Defendants, with help from unknown others, researched Illinois law to find a pretextual reason to make arrests of persons protesting outside of Michaels's residence.

12. The Sheriff and unknown others knew that Michael was a prominent and influential person in Peoria county who is the CEO of RLI.

13. On October 2, 2020, Defendants Kenny, Gilmore, Cogdal and as yet unknown others, approached the persons who were protesting, including Plaintiffs, and ordered them to stop protesting and that they should leave.

14. Defendants and each of them were informed and knew that the Plaintiffs were not in violation of any law by peacefully protesting as they were.

15. Notwithstanding this, all Plaintiffs and others were given tickets for a violation of "residential picketing," a class B misdemeanor.

16. Plaintiffs Phillips and Nathan were also arrested and charged with obstructing an officer, a class A misdemeanor.

17. There was no probable or other legal cause to charge Plaintiffs with obstructing an officer because they both, when told they were being arrested, politely extended their arms to be cuffed and in no way obstructed anything.

18. Plaintiffs Phillips and Nathan were then transported to the Peoria County jail where they were booked and jailed until they bonded out.

19. All Plaintiffs were tried by a jury on October 25, 2021 and the charges against all Plaintiffs terminated in their favor in a manner indicating their innocence.

20. Defendant Michael was familiar with and knew Sheriff Brian Asbell and others within the Peoria County government who had final decision-making authority as it relates to the actions of Defendants as alleged in this complaint.

21. Michael and all Defendants worked in concert with one another to do the acts set forth in this complaint, as a result, Michael was also acting under color of law.

22. The foregoing defendants conspired with one another to cause the detentions and arrests of Plaintiffs.

23. The acts done by all Defendants were done under color of law and individually, and in concert with and in a conspiracy with one another to cause the violations of Plaintiffs' rights as set forth below.

24. Plaintiffs' detentions, arrests and criminal charges were all motivated by a desire to violate their First Amendment rights to peacefully protest in front of the residence of Defendant Michael.

25. There was no legal cause, including reasonable suspicion or probable cause to seize, arrest and charge Plaintiffs with any crimes.

26. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to, special damages, and humiliation and indignities, and suffered great mental and emotional pain and suffering all in an amount to be ascertained.

27. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

28. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**ALL PLAINTIFFS AGAINST ALL DEFENDANTS, INDIVIDUALLY, FOR VIOLATION OF THEIR FIRST AMENDMENT RIGHTS**

29. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

30. Plaintiffs and each of them had a First Amendment right to peacefully protest as they did in front of Michael's residence.

31. The Defendants and each of them, individually and in a conspiracy and/or in concert with one another, violated their rights by not permitting them to exercise their Frist Amendment rights as alleged above.

32. By reason of the conduct of Defendants and each of them, Plaintiffs were deprived of rights, privileges and immunities secured to them by the First Amendment to the Constitution of the United States and laws enacted thereunder.

33. The arbitrary intrusion by Defendants into Plaintiffs' security and into their right to exercise their First Amendment rights was in violation of Plaintiffs' Constitutional Rights and not authorized by law. Therefore, the Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFFS AGAINST ALL INDIVIDUAL DEFENDANTS FOR UNREASONABLE SEIZURE

34. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

35. There was no legal cause to subject Plaintiffs to a detention and/or an arrest.

36. By reason of the conduct of Defendants and each of them, Plaintiffs were deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

37. All individual Defendants were acting individually, and in a conspiracy and in concert with one another to violate the rights of Plaintiffs as alleged above,

38. The arbitrary intrusion by Defendants into the security and privacy of Plaintiffs' persons were in violation of Plaintiffs' Constitutional Rights and not authorized by law. The Defendants violated the Plaintiffs' rights by seizing the Plaintiffs. This included the arrests of Plaintiffs Phillips and Nathan, and the detentions of Plaintiffs Hough and McQueary when they were subjected to citations for residential picketing.

39. The arrests and detentions were all without legal cause.

40. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiffs' rights. Therefore, the Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III

### ALL PLAINTIFFS AGAINST SHERIFF ASBELL IN HIS OFFICIAL CAPACITY AND PEORIA COUNTY *(Monell Liability)*

41. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

42. Defendants Asbell and Peoria County were final policymakers for the Peoria County Sheriff's Department.

43. Plaintiffs are informed and believe and allege thereon that prior to the arrest and detentions of Plaintiffs, Defendant Michael spoke with Sheriff Asbell and other as yet unknown persons who worked for and/or with Peoria county and agreed that persons that were seen to be protesting in front of and/or near Michael's residence would be forced to refrain from protesting in front of the residence either through arrests, ticketing or otherwise.

44. Subsequent to the communication set forth in the preceding paragraph, Plaintiffs are informed and believe and allege thereon that Asbell then ordered Deputies under his supervision, including, without limitation, the Defendants in this case to arrest, ticket and/or other wise prevent any persons, including Plaintiffs, from protesting in front of Defendant Michael's residence.

45. As a result of the agreement made between Michael, Asbell and others as alleged above, other Defendants did in fact cause the Plaintiffs not to be able to protest in front of the residence of Michael through arrests, ticketing and otherwise.

46. The actions of Asbell and Peoria County, as alleged above, were the moving force for the violations of Plaintiffs' rights.

47. As alleged above, Plaintiffs First and Fourth Amendment rights were violated when the Defendants and each of them arrested, ticketed, and otherwise caused Plaintiffs not to be able to protest in front of the Michael residence.

48. The acts in preventing Plaintiffs from protesting in front of the residence of Michael, including their arrests and ticketing were without legal cause.

49. By reason of the conduct of Defendants Asbell and Peoria County and each of them, Plaintiffs were deprived of rights, privileges and immunities secured to them by the First and Fourth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, these Defendants and each of them are liable in their official capacities under 42 U.S.C. section 1983.

**COUNT VI**

**PLAINTIFFS AGAINST ALL INDIVIDUAL DEFENDANTS AND PEORIA COUNTY AND FOR THE STATE LAW CLAIM OF MALICIOUS PROSECUTION**

50. Plaintiff incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

51. The individual Defendants and each of them, including Asbell, caused a criminal prosecution to commence and continue against Plaintiffs. There was no probable cause to cause or continue this prosecution.

52. Defendants and each of them. continued this criminal action against Plaintiffs without probable cause for the institution of these proceedings.

53. The criminal action terminated in Plaintiffs' favor by a not guilty verdict on October 25, 2021.

54. Plaintiffs were injured by the acts of Defendants, which included, but are not limited to, the loss of certain First, Fourth and Fourteenth Amendment rights as a result of the detentions, arrests and prosecutions.

55. Plaintiffs were also injured emotionally, financially, and otherwise because of the acts of Defendants and the loss of certain constitutionally protected liberty and related rights.

56. The Defendants initiated, facilitated, and/or continued this malicious prosecution by, among other things, by causing the Plaintiffs to be detained, arrested and otherwise not able to peacefully protest in front of Michael's residence.

57. Defendants Peoria County and Asbell are being sued pursuant to *respondeat superior.*

58. Therefore, Defendants are liable to Plaintiffs under 42 U.S.C. section 1983.

**WHEREFORE**, Plaintiffs, by and through her attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That the Defendants be required to pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants (except Peoria County and Asbell in his official capacity) be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: s/Edward M. Fox

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

BY: s/Edward M. Fox

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com